

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| JOSE BRYANT, | § | |
|         Plaintiff, | § | |
| vs. | § | CIVIL ACTION 5:22-3965-MGL |
| | § | |
| | § | |
| SPARTANBURG COUNTY DETENTION | § | |
| CENTER, SPARTANBURG COUNTY, | § | |
| SHERIFF WRIGHT, CRPL.LONGE, and | § | |
| DEP. YOUNG, | § | |
|         Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Jose Bryant (Bryant), a pretrial detainee, filed this 42 U.S.C. § 1983 lawsuit against Defendants Spartanburg County Detention Center (SCDC), Spartanburg County, Sheriff Wright, Crpl. Longe (Longe), and Dep. Young (Young) for conduct he alleges violates the Eighth Amendment of the United States Constitution. Inasmuch as Bryant is a pretrial detainee, however, the Court must consider his constitutional claims under the Fourteenth, not the Eighth, Amendment. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("Because [the plaintiff] was a pretrial detainee and not a convicted prisoner at the time of the alleged denial, [his constitutional] claim is governed by the due process clause of the fourteenth amendment rather than the eighth amendment's prohibition against cruel and unusual punishment."). Bryant is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted.. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 21, 2023, and the Clerk of Court entered Bryant's objections on December 5, 2023.  The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Here is a full recitation of Bryant's objections:

> L]onge dislocated or broke[ ] my arm and I sat in a holding cell for [six] days before I was taken to a[ ] hospital.  My shoulder was also damaged during this process.  Crpl[.] [L]onge did act alone during this incident.  What happened was he put me in handcuffs and swept my feet [out] from under me and I fell on my shoulder and arm, my right side to be specific.  The officer with me also stated I couldn't have a sling in the jail.
>
> . . . Young allowed [an] inmate to stay out on another group[s'] recreational time and beat me with a shank that lacerated me above my eye.  He did not protect me and save me from danger.

Objections at 1.

Before going any further, the Court notes that, in Bryant's complaint, he alleges "Longe did[,] on April 16, 2020[,] use excessive force by dislocating [his] arm[,] severely damaging and tearing [his] AC joint[ ] in [his] left shoulder." Complaint at 9 (capitalizations omitted).  But, in his

2

objections, he refers to an injury to his "shoulder and arm [as being on his] right side to be specific." *Id*. And, in Bryant's response in opposition to Defendants' motion for summary judgment, he states "[m]y arm was broke at approximately [three] inches below, the elbow towards the wrist, and my right shoulder is out of place." Bryant's Response at 2 (capitalization omitted).

In addition, several days after the incident involving Long, Bryant's medical records state "[h]e has right arm dislocation." Defendants' Motion, Exhibit A to SCDC's Record Custodian at 14.

To recap, the only reference to an injury to Bryant's left arm or shoulder is in his complaint. All other references he makes to the alleged injury, in both his Response and his objections, are to an injury to his right arm and/or shoulder. And, his medical records refer only to an injury to his right shoulder.

Thus, it appears the reference to an injury to his left arm and shoulder in his complaint was a scrivener's error, and/or he has abandoned his claim that he had an injury to his left arm and shoulder. For purposes of this Order, the Court will assume the former, that it was a scrivener's error in his complaint.

Turning back to Bryant's objections: as is obvious, his objections are non-specific. But, specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). In that Bryant's general objection to the Report fail to direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And, a failure to object also waives appellate review. *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985).

3

Nevertheless, in an abundance of caution, the Court has made a de novo review of the Report and the record. In doing so, the Court has teased out four arguments from the objections, which it will briefly discuss below.

First, as to Bryant's excessive force/broken arm and shoulder dislocation claim against Longe, in the Report, the Magistrate Judge states:

> In [Bryant's] Response, he alleges for the first time that he was in handcuffs at the time of the incident and his feet were swept out from under [him]. However, this account is unsupported by the record, including [Bryant's] medical records, as well as the allegations within the Complaint. He otherwise does not refute . . . Longe's recounting of the suicide attempt or the fact that the medical records indicate that his shoulder and arm were previously injured a month prior to the alleged incident in question.
>
> The evidence before the court makes clear . . . Longe slapped [Bryant] on the cheek in attempt to ensure he was responsive after what appeared to be a suicide attempt[;] . . . and the evidence establishes that [Longe's] actions were reasonable in light of the fact that he was attempting to determine whether [Bryant] was still alive. Finally, while [Bryant] complains . . . Longe broke his [right] arm and shoulder, his medical records reveal that a similar injury occurred a month prior and had previously been evaluated.

Report at 9 (citation omitted) (internal quotation marks omitted) (footnote omitted).

To the extent Bryant's response in opposition to Defendants' motion for summary judgment presents new issues and claims not contained in his complaint, such as his new claim regarding him being handcuffed and his feet being knocked out from under him, these claims are not properly before the Court. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir.2007 ("To the extent [the plaintiff] seeks to expand its claims to assert new theories, it may not do so in response to summary judgment or on appeal.").

Further, Bryant fails to object to the Magistrate Judge's suggestion Longe's slapping him was incident to his alleged suicide attempt or that he already had a broken arm and shoulder injury a month prior to the one he complains about here. The Court is then left to assume Bryant agrees

4

with these statements concerning his excessive force claim against Longe. *See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985) ("Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation.").

Consequently, for these reasons, the Court will overrule Bryant's objection as to his excessive force claim against Longe.

Second, concerning Bryant's medical treatment claim about sitting in his cell six days before being taken to the hospital, as the Magistrate Judge noted, "the medical records make clear . . . [Bryant's] shoulder injury existed a month prior to any allegations complained of by [him]." Report at 9 n.3. And again, as the Court stated above, inasmuch as Bryant has failed to object to the Magistrate Judge's conclusion his "shoulder injury existed a month prior to any allegations complained of by [him,]" *id.*, the Court assumes he agrees with it.

Additionally, "the medical records provided by Defendants affirmatively show . . . [Bryant] was continually provided medical treatment after" the above-described incident. *Id*. Bryant has failed to attack the accuracy of these records or the Magistrate Judge's reliance on them.

Therefore, the Court will overrule this objection, as well.

Third, regarding Bryant's statement "[t]he officer with me also stated I couldn't have a sling in the jail[,]" Objection at 1, he fails to make this claim in either his complaint or his response in opposition to summary judgment. And, it is unclear which officer he is referring to. For these reasons, the Court will also overrule this objection.

Fourth and finally, with respect to Bryant's failure-to-protect claim against Young. On this claim, the Magistrate Judge stated the following:

> The evidence within the record . . . makes clear . . . [Bryant's attacker] chose to attack [Bryant] and waited for a time when he could quickly slip into [Bryant's] cell to accomplish this task. Further, the evidence reveals that as soon as . . . Young heard a commotion, he investigated the incident and immediately broke up the altercation between [Bryant] and [his attacker]. [Bryant] does not

5

>           provide any factual evidence to support his contention . . . Young was aware that any such altercation was about to occur or . . . Young failed to notice any indicator lights showing whether cell doors were locked, which [Bryant] alleges for the first time in his Response. Thus, there exists no genuine issue of material fact to otherwise establish . . . Young was deliberately indifferent toward [Bryant's] health or safety or that [Bryant] did not obtain immediate medical attention.

Report at 13.

As before in Bryant's excessive force claim, here again, in his failure to protect claim, Bryant neglects to specifically address the Magistrate Judge's statements regarding his failure to protect claim. So again, the Court is left to assume Bryant agrees with the Magistrate Judge's view of the facts concerning this claim against Young. *See Templeman*, 770 F.2d at 247 ("Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation.").

And, regarding his cell door lights claim, which Bryant raises for the first time in his response to Defendants' motion for summary judgment, as the Court stated earlier, a litigant is disallowed to expand his claims to assert new theories in response to summary judgment. *Bridgeport*, 508 F.3d at 400.

Accordingly, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Bryant's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. It is therefore the judgment of the Court that Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 19th day of December, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.